Argued and submitted July 7, petitions dismissed as to deputy superintendent's order; affirmed as to commission's order September 24, Standard Ins. Co.'s reconsideration and Ajmer Singh's reconsideration denied November 21, both petitions for review pending 1987

In the Matter of the Exchange of
Series A Junior Preferred Stock of
BANORE BANCSHARES, INC., for the
Preferred Stock and Subordinated
Capital Notes of BANK OF OREGON in
Connection with a Plan of Reorganization.

STANDARD INSURANCE COMPANY,
*Petitioner,*

*v.*

OLIN et al,
*Respondents.*

(CA A36644) (Control)

In the Matter of the Exchange of
Series A Junior Preferred Stock of
BANORE BANCSHARES, INC., for the
Preferred Stock and Subordinated
Capital Notes of BANK OF OREGON in
Connection with a Plan of Reorganization.

STANDARD INSURANCE COMPANY,
*Petitioner,*

*v.*

EDWARDS et al,
*Respondents.*

(CA A36645)

In the Matter of the Request for
Approval of the Agreement and Plan
of Reorganization of the BANK OF OREGON.

SINGH et al,
*Petitioners,*

*v.*

OLIN,
*Respondents.*

In the Matter of the Exchange of Series
A Junior Preferred Stock of BANORE
BANCSHARES, INC., for the Preferred

Stock and Subordinated Capital Notes
of BANK OF OREGON in Connection with a
Plan of Reorganization.

SINGH et al,
*Petitioners,*

*v.*

EDWARDS et al,
*Respondents.*

(CA A36734)
(Cases Consolidated)

725 P2d 934

Don G. Carter, Portland, argued the cause for petitioner Standard Insurance Company. With him on the briefs were Jay D. Hull, and McEwen, Gisvold, Rankin & Stewart, Portland.

Ajmer Singh and Verna M. Singh, Independence, filed the briefs *pro se* for petitioners Singh.

John R. Faust, Jr., Portland, argued the cause for respondents BanOre Bancshares, Inc., and Bank of Oregon. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondents John B. Olin and Jane Edwards. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Petitioners Standard Insurance Company (Standard) and Ajmer and Verna Singh (the Singhs) seek review, in consolidated cases, of two separate orders. One was issued by the Deputy Superintendent of Banks[1] (Deputy Superintendent) and the other by the Oregon Corporation Commissioner[2] (Commissioner). They both concern a proposed reorganization and exchange of securities by the Bank of Oregon (the Bank). The briefs filed by Standard and the Singhs raise essentially the same issues, and we address them together. Unless otherwise indicated, reference to "petitioners" includes all of them.

The facts, as pertinent here, are that the Bank, in the spring of 1985, was in serious financial trouble. The Federal Deposit Insurance Corporation (FDIC) had issued two operating orders requiring it to raise additional capital. In order to save the Bank, its board of directors developed and sought the Superintendent's approval of a plan of reorganization; it also requested the Commissioner's approval of the plan for an exchange of securities. Under the plan, the Bank's preferred stock and capital notes were to be exchanged for junior preferred stock in BanOre Bancshares, Inc. (BanOre), a bank holding company which wholly owned the Bank's common stock. Petitioners were holders of capital notes with a combined value of $505,000. On May 14, 1985, a joint contested case hearing was held before the Deputy Superintendent and the Commissioner, following which, on May 24, the Deputy Superintendent issued "FINDINGS OF FACT, OPINION, CONCLUSIONS OF LAW, ORDER, AND NOTICE OF OPPORTUNITY FOR JUDICIAL REVIEW," and the Commissioner issued "FINDINGS OF FACT, OPINION, AND CONCLUSIONS OF LAW." Petitioners seek review of those actions.

---

[1] The statute now refers to the same officer as "Supervisor." In this opinion, we will use "Superintendent," the designation provided by statute at the time the order was entered. The petitions for review of the Deputy Superintendent's order are CA A36644 (Standard) and one part of CA A36734 (Singhs). The Singhs seek review of both the Deputy Superintendent's and the Commissioner's orders in the same petition.

[2] The petitions for review of the Commissioner's order are CA A36645 (Standard) and one part of CA A36734 (Singhs).

We address the order issued by the Deputy Superintendent first. The procedure by which the Bank sought approval of its reorganization is unusual and contributes to some of the difficulties with this case. Bank reorganizations are subject to the provisions of ORS 711.110 through ORS 711.115. The normal statutory procedure may be summarized as follows:

(1) If the board of directors of a bank desires a reorganization, it prepares a plan of reorganization. ORS 711.110(1).

(2) The plan is submitted to the Superintendent for approval. ORS 711.112(1).

(3) The Superintendent is to approve the plan if:

"(a) The reorganized institution meets the requirements of law as to the formation of a new institution;

"(b) The plan provides an adequate capital structure, including surplus;

"(c) The plan is fair to stockholders, depositors and creditors of the institution; and

"(d) The reorganization is in the public interest." ORS 711.112(1).

(4) The bank "may appeal the decision * * * as a contested case under ORS 183.415 to 183.430, 183.440 to 183.460, 183.470 to 183.485 and 183.490 to 183.500." ORS 711.112(3).

■ Thus, a contested case hearing normally is not required before agency action can be taken and will not be held except on request by a bank. Here, however, the Banking Division adopted a temporary rule on April 24, 1985:

"Whenever a plan of reorganization, submitted pursuant to ORS 711.112, proposed to affect the claims or interests of any stockholders, creditors or depositors of a bank, the Superintendent shall hold a contested case hearing under ORS 183.413, 183.415, 183.425, 183.440, 183.450, 183.460, 183.462 and 183.470, at which time all affected parties to the proposed plan may appear and be heard. Notice of such hearing and an adequate description of the proposed plan and its effects shall be given to all affected parties at the expense of the institution or other parties proposing the plan." OAR 805-43-050.

The hearing before the Deputy Superintendent was held pursuant to that rule.

There is a dispute over whether the hearing before the Deputy Superintendent was meant to address all four of the findings that the Superintendent must make in order to approve the plan or whether it was to address only the ORS 711.112(1)(c) issue of fairness. Although the temporary rule appears to require a contested case hearing on all of the issues, the commentary accompanying the rule makes it clear that the hearing was to address only the issue of fairness and that the resulting order is supposed to deal exclusively with fairness. Although we discern no legal impediment to the agency's bifurcation of the approval process, the resulting "order" is not a final order and is, therefore, not reviewable.

■ Review of agency action is governed by the Administrative Procedures Act, ORS 183.310 through ORS 183.725. ORS 183.480(1) provides: "Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a *final order,* whether such order is affirmative or negative in form." (Emphasis supplied.) "No action or suit shall be maintained as to the validity of any agency order except a final order * * *." ORS 183.480(3). A "final order" is defined as "final agency action expressed in writing," not including "any tentative or preliminary agency declaration or statement that * * * [p]recedes final agency action * * *." ORS 183.310(5)(b). Here, the agency action sought by the Bank is approval of the Bank's reorganization plan pursuant to ORS 711.112(1). According to the statute, approval shall be given if four requirements are met, one of which is that the "plan is fair to stockholders, depositors and creditors * * *." ORS 711.112(1). Petitioners seek review of the Deputy Superintendent's order that "the requirement of ORS 711.112(1)(c) that the Superintendent find that the Plan of Reorganization is fair to the Bank's stockholders, depositors and creditors has been satisfied." That order does not purport to approve or disapprove the plan; it merely makes a preliminary finding on one of the four requirements. It is not a final agency action subject to review. Accordingly, we dismiss the petitions for review of the Deputy Superintendent's order.[3]

---

[3] Because the order was not final and is not reviewable, we do not address petitioners' other contentions.

If there were a final agency action by the Banking Division, it was in a letter dated May 31, 1985, from the Deputy Superintendent of the Division to the Chief Executive Officer of the Bank, addressing the four requirements of ORS 711.112(1) and approving the plan of reorganization. If the letter is the final agency action, that is, the final order, petitioners have not sought review of it.

■■ Petitioners also seek review of the Commissioner's order of May 24, 1985. ORS 59.095 provides:

"(1) The proponents of a plan pursuant to which a security is to be issued in exchange for one or more bona fide outstanding securities * * * may request approval of such plan by the commissioner.

"(2) * * * The commissioner shall set the plan down for hearing and require the proponents of the plan to give notice of the hearing to all persons to whom securities are to be issued in such exchange. All such persons shall have the right to appear at the hearing.

"(3) The commissioner shall, after the hearing, consider the fairness of the terms and conditions of the plan, and if the commissioner finds that the plan is fair, just and equitable and free from fraud, shall approve it, subject to such conditions, limitations and restrictions as the commissioner may impose. * * *"

The authority of the Commissioner is limited to the approval of the plan's fairness and freedom from fraud with respect to the exchange of securities. *Sperry & Hutchinson Co. v. Hudson et al*, 190 Or 458, 226 P2d 501 (1951). The Commissioner made findings of fact and conclusions of law, in which she determined that the "Plan of Reorganization dated April 22, 1985, is fair, just and equitable and free from fraud." She then entered an "ORDER APPROVING PLAN," which stated: "It is hereby Ordered that the Exchange and Plan of Reorganization is approved." That is a final agency action and is a reviewable order.

■ Petitioners assign two errors to the Commissioner's order. First, they argue that she erred in including as part of the record of the proceedings the May 31, 1985, letter from the Deputy Superintendent. The letter was written after the Commissioner had issued her order, and there is no indication that she considered it in reaching her decision. Although it

was not properly submitted as a part of the record, *see* ORS 183.415(11), it had no bearing on the order reviewed, and we disregard it.

Second, they argue that the statutory phrase "fair, just and equitable" is an inexact term as described in *Springfield Education Assn. v. School Dist.*, 290 Or 217, 224-28, 621 P2d 547 (1980), and that, therefore, we review for "whether the agency action is within the legislative policy which inheres in the statutory term." 290 Or at 227. We disagree. It is a delegative term, subject to this court's review only to determine whether the agency's decision is within the range of discretion allowed by the general statutory policy. *Springfield Education Assn. v. School Dist., supra,* 290 Or at 228.

■     We cannot say that the decision exceeded the range of discretion allowed under the general statutory policy of protecting the public from the sale of fraudulent or worthless securities. Accordingly, we affirm the Commissioner's order, except that any implication in the order that the plan, *per se,* is approved is beyond the Commissioner's authority and is surplusage.

Petitions dismissed as to the Deputy Superintendent's order; affirmed as to the Commissioner's order.