Submitted on remand from the Oregon Supreme Court May 13, affirmed September 9, reconsideration denied November 27, petition for review denied December 22, 1987
(304 Or 547)

In the Matter of the Exchange of
Series A Junior Preferred Stock of
BANORE BANCSHARES, INC., for the
Preferred Stock and Subordinated
Capital Notes of BANK OF OREGON in
Connection with a Plan of Reorganization.

STANDARD INSURANCE COMPANY,
*Petitioner,*

*v.*

OLIN et al,
*Respondents.*

(CA A36644 (Control))

In the Matter of the Exchange of
Series A Junior Preferred Stock of
BANORE BANCSHARES, INC., for the
Preferred Stock and Subordinated
Capital Notes of BANK OF OREGON in
Connection with a Plan of Reorganization.

STANDARD INSURANCE COMPANY,
*Petitioner,*

*v.*

EDWARDS et al,
*Respondents.*

(CA A36645)

In the Matter of the Request for
Approval of the Agreement and Plan
of Reorganization of the BANK OF OREGON.

SINGH et al,
*Petitioners,*

*v.*

OLIN et al,
*Respondents.*

In the Matter of the Exchange of
Series A Junior Preferred Stock of
BANORE BANCSHARES, INC., for the
Preferred Stock and Subordinated
Capital Notes of BANK OF OREGON
in Connection with a
Plan of Reorganization.

SINGH et al,
*Petitioners,*

*v.*

EDWARDS et al,
*Respondents.*

(CA A36734)
(Cases Consolidated)

742 P2d 628

278

Don G. Carter, Portland, argued the cause for petitioner Standard Insurance Company. With him on the briefs were Jay D. Hull, and McEwen, Gisvold, Rankin & Stewart, Portland.

Ajmer Singh and Verna M. Singh, Independence, filed the briefs *pro se* for petitioners Singh.

John R. Faust, Jr., Portland, argued the cause for respondents BanOre Bancshares, Inc., and Bank of Oregon. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondents John B. Olin and Jane Edwards. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

This case is on remand from the Supreme Court. 303 Or 136, 734 P2d 352 (1987). Petitioners seek review of an order by the Deputy Superintendent of Banks approving a proposed reorganization of the Bank of Oregon (the Bank). The facts of this controversy are adequately detailed in our initial opinion. 81 Or App 405, 725 P2d 934 (1986). To the extent that we are able to review the Deputy's order, we affirm.

A bank reorganization will be approved if the Superintendent of Banks finds that four requirements are met, including that the plan is fair to stockholders, depositors and creditors. ORS 711.112(1). In their petitions for judicial review, petitioners seek review of a May 24, 1985, order concluding that the reorganization plan is fair to stockholders, depositors and creditors of the Bank, and of a May 31, 1985, Certificate Evidencing Completion of Plan of Reorganization. In our previous opinion, we determined that the Banking Division could bifurcate the approval process and conduct a contested case hearing on the single issue of fairness, but that the May 24 fairness order was not a final order of which petitioners could seek review. We dismissed the petition and stated:

> "If there were a final agency action by the Banking Division, it was in a letter dated May 31, 1985, from the Deputy Superintendent of the Division to the Chief Executive Officer of the Bank, addressing the four requirements of ORS 711.112(1) and approving the plan of reorganization. If the letter is the final agency action, that is, the final order, petitioners have not sought review of it." 81 Or App at 411.

The Supreme Court, although apparently not disagreeing with our assessment of the May 24 order, reversed and remanded, stating that

> "two documents issued on May 31, 1985, a Certificate Evidencing Completion of Plan of Reorganization and a contemporaneous letter, together constituted a final order of the Banking Division with respect to certain issues raised by petitioners concerning that order." 303 Or at 138.

Although the Supreme Court determined what documents were the final order, it did not acknowledge or address the fact that petitioners have not sought review of the letter and, in fact, had moved to have the letter stricken from the record.

 The petitions for judicial review designate and attach the May 24 order and the May 31 certificate. Neither petition designates or attaches the letter, which the Supreme Court has said is part of the final order. In fact, the only time that petitioners mention the letter is in the assignment of error by which they challenge our preargument *denial* of their motions to strike the letter from the record. Because the letter constitutes part of the final order, which we must have before us to acquire jursidiction, we again deny petitioners' motion to strike. The inference to be gleaned from the Supreme Court's opinion is that designation of a portion of the final order is sufficient to allow us to review the order in its entirety, at least so far as the issues are properly before us.[1]

██ ██ Given a reviewable final order, the next preliminary question is whether this court has authority to review it. Jurisdiction to review orders in contested cases is in this court, ORS 183.482(1); jurisdiction to review orders in other than contested cases is in circuit court. ORS 183.484(1). The bank reorganization statute does not require that the superintendent conduct a contested case hearing before approving a plan of reorganization.[2] However, as we discussed in our previous opinion, the Banking Division adopted a temporary rule that provided for a contested case hearing to address only *one* of the four requirements for approval of the plan, that the plan be fair to stockholders, depositors and creditors of the bank. The hearing that resulted in the May 24 order was limited to the issue of fairness. Thus, we have before us the May 31 final order that incorporates findings and conclusions, some of which are the result of a contested case hearing and some of which were dealt with as other than in a contested case.

The scope of review in this situation is not clear. We are not authorized to review an agency decision that is the result of other than a contested case. Only a review in the

---

[1] Were it otherwise, we would expect the court to have affirmed our dismissal on the basis that petitioners did not seek review of a final order. The issue was raised in the paragraph of our opinion that we quote above in this opinion. The Supreme Court did not expressly state that a portion of the final order, of which petitioners have not sought review, may nonetheless be reviewed. However, the reversal of our opinion and remand for review of "certain issues" seems to indicate the court's rejection of our reasoning that we may not.

[2] Only the institutions may seek review of the decision in a contested case. ORS 711.110 to ORS 711.115.

circuit court can develop a record. The interests of judicial economy are best served by our reviewing those issues over which we currently have jurisdiction; namely, the issues raised by the fairness order that came out of the contested case hearing. Because the record is yet to be developed on the other three required findings, any challenge to them must be brought in circuit court under the procedures for review of an order in a noncontested case. ORS 183.484(1).[3]

Petitioners raise two assignments of error challenging the determination that the plan of reorganization is fair to stockholders, depositors and creditors.[4] First, they argue that the Deputy Superintendent of Banks was without authority to enter the final order, because the Superintendent's duty to approve the plan cannot be delegated.

The bank reorganization statute provides that the Superintendent of Banks shall approve a plan of reorganization if the Superintendent finds that the four statutory requirements are met. ORS 711.112(1). At the time of the approval of this plan, *former* ORS 706.218[5] provided:

> "The superintendent may appoint one or more deputy superintendents of banks to assist him in the duties of his office. Deputy superintendents shall serve at the pleasure of the superintendent. A certificate of appointment and notice of the revocation of an appointment shall be filed in the office of the superintendent and in the office of the Secretary of State."

The reorganization statutes, ORS 711.110 through ORS 711.115, do not specify whether the Superintendent may delegate his authority to approve a plan of reorganization to a deputy who has been duly appointed pursuant to statute. However, the term "deputy" implies that the official so designated has the authority to act as the Superintendent when necessary. In *Peterson v. Lewis,* 78 Or 641, 154 P 101 (1915), the Supreme Court approved this definition of "deputy" from 13 Cyc. 1043:

---

[3] In its brief, the Bank states that petitioners have sought review of the agency order in circuit court and that that proceeding has been stayed pending the outcome of this review.

[4] Under one assignment of error petitioners Singhs raised the same arguments that petitioner Standard Insurance raises regarding the fairness determination.

[5] ORS 706.218 was repealed by Or Laws.1985, ch 763, § 196, effective July 1, 1985.

" 'One appointed as the substitute of another, and empowered to act for him in his behalf or on his behalf; one who is appointed, designated or deputed to act for another; one who occupieth in right of another; and for him regularly his superior will answer; one authorized by an officer to exercise the office or right which the officer possesses, for and in place of the latter; one who by appointment exercises an office in another's right; one who exercises an office, etc., in another's right having no interest therein, but doing all things in his principal's name, and for whose misconduct the principal is answerable.' " 78 Or at 655.

*Black's Law Dictionary* 398 (5th ed 1979) defines "deputy" as

"[a] substitute; a person duly authorized by an officer to exercise some or all of the functions pertaining to the office, in the place and stead of the latter. One appointed to substitute for another with power to act for him in his name or behalf. A substitute for another and is empowered to act for him in his name and behalf in all matters in which principal may act."

■ Petitioners contend that, under OAR 805-03-345(1),[6] the approval power cannot be delegated. Whatever the validity of the argument when the rule is applicable, it does not lend support here, because the administrative rule does not apply. Here, the temporary rule specified that the contested case hearing would be held in accordance with specific procedures in the Administrative Procedures Act. Thus, general administrative rules were overridden, and the APA statutory procedure was substituted. In any event, the Deputy Superintendent stated in his May 31, 1985, letter that he was acting "[p]ursuant to express delegation by John B. Olin, Superintendent," and petitioners do not challenge the accuracy of that statement. We conclude that the Deputy could properly act in the stead of the Superintendent, when it is undisputed that he was expressly authorized to do so.

■ On the merits, petitioners challenge the fairness determination in two ways. First, they argue that the plan did not propose a reorganization of the Bank at all, because a

---

[6] OAR 805-03-345(1) provides:

"(1) If the Superintendent is not present at the hearing or has not reviewed and considered the record, and the order is adverse to a party * * * a proposed order including findings of fact and conclusions of law will be served upon the parties."

reorganization cannot occur unless a new company is formed to take over the property and assets of the old one. Although petitioners have presented it as part of their "fairness" argument, we are unable to consider it, because it actually goes to the question of whether the plan provides for a reorganized institution that "meets the requirements of law as to the formation of a new institution," as required by ORS 711.112(1)(a). That is an issue that was determined in other than a contested case and, as we have already stated, we do not have authority to review it.

■ Second, petitioners argue that the statutory term "fair" has a certain meaning and that we can, therefore, review the record to determine "whether the agency action is within the legislative policy which inheres in the statutory term." *Springfield Education Assn. v. School Dist.*, 290 Or 217, 227, 621 P2d 547 (1980). Respondents argue that the term is delegative, the kind which the legislature uses when

> "it cannot foresee all the situations to which the legislation is to be applied and deems it operationally preferable to give to an agency the authority, responsibility and discretion for refining and executing generally expressed legislative policy." 290 Or at 228.

The Supreme Court has cited as examples terms such as "fair," "unfair" and "unreasonable." 290 Or at 228. Petitioners provide no helpful legislative history to support their argument, and we are not persuaded that the legislature had a certain meaning in mind for the term when it enacted ORS 711.112. We conclude that the term "fair," as used in ORS 711.112(1)(c), is a delegative term, and our review is to determine whether the agency's decision is within the range of discretion allowed by the general statutory policy. *Springfield Education Assn. v. School Dist., supra,* 290 Or at 228.

■ The Deputy considered and addressed the statutory criteria of the effect that the plan would have on the stockholders, depositors and creditors. Petitioners do not challenge the findings of fact. We conclude that the findings support the conclusion that the plan is fair and that the decision did not exceed the range of discretion allowed under the general statutory policy. Accordingly, we affirm the Deputy's order to the

extent that it determines that the plan of reorganization is fair to stockholders, depositors and creditors.

Affirmed.